## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GEOGRAPHIC LOCATION INNOVATIONS LLC | § § § | |
| Plaintiff, | § | Case No: 3:21-cv-00623 |
| | § | |
| v. | § | |
| | § | |
| RELAX THE BACK CORPORATION | § § | |
| Defendant. | § § | |

### RELAX THE BACK CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Relax the Back Corporation ("Relax the Back" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Geographic Location Innovations LLC's ("Plaintiff" or "GLI") Complaint. Relax the Back denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES AND JURISDICTION

1.      Relax the Back admits that Plaintiff has alleged infringement of a patent under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, but denies it has committed and/or is committing acts of infringement and denies Plaintiff is entitled to any relief. Relax the Back denies any remaining allegations in Paragraph 1 of the Complaint.

2.      Relax the Back does not contest that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent under the Patent Laws of United States, but denies it has committed and/or is

---

[1] For avoidance of doubt, Relax the Back denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

committing acts of infringement and denies Plaintiff is entitled to any relief. Relax the Back denies any remaining allegations in Paragraph 2 of the Complaint.

3.      Relax the Back is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.      Relax the Back admits it is a Delaware corporation, with a place of business located at 4600 E. Conant Street, Long Beach, California 90808. Relax the Back admits it may be served through its agent, Business Filings Incorporated, 1209 Orange Street, Wilmington, DE 19801.

5.      Relax the Back does not contest whether personal jurisdiction over it properly lies in this District in this case, but denies it has committed and/or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6.      Relax the Back denies it has committed and/or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the allegations of Paragraph 6 of the Complaint.

**VENUE**

7.      Relax the Back does not contest whether venue is proper in this District in this case, but denies it has committed and/or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the allegations of Paragraph 7 of the Complaint.

**COUNT I**

**([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 7,917,285)**

8.      Relax the Back incorporates by reference each of its responses set forth in Paragraphs 1–7 above as if fully set forth herein.

2

9.      Relax the Back admits that this action arises under the Patent Laws of the United States, including under 35 U.S.C. § 271, *et seq.*, but denies it has committed and/or is committing acts of infringement and, on that basis, denies the allegations of Paragraph 9 of the Complaint.

10.     Relax the Back is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.     Relax the Back admits a purported copy of U.S. Patent No. 7,917,285 ("the '285 Patent") is attached to the Complaint as Exhibit A, and that it shows the patent to be titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," but denies any remaining allegations in Paragraph 11 of the Complaint.

12.     Relax the Back denies the allegations in Paragraph 12 of the Complaint.

13.     Relax the Back admits that the '285 Patent was issued on March 29, 2011. Relax the Back denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Relax the Back admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent constitutes an invention. Relax the Back denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Relax the Back admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent constitutes an invention. Relax the Back denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Relax the Back admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent constitutes an invention.  Relax the Back denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Relax the Back admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent constitutes an invention.  Relax the Back denies the remaining allegations in Paragraph 17 of the Complaint.

18.     Relax the Back admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent constitutes an invention.  Relax the Back denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Relax the Back denies the allegations in Paragraph 19 of the Complaint.

20.     Relax the Back denies the allegations in Paragraph 20 of the Complaint.

21.     Relax the Back denies the allegations in Paragraph 21 of the Complaint.

22.     Relax the Back denies the allegations in Paragraph 22 of the Complaint.

23.     Relax the Back denies the allegations in Paragraph 23 of the Complaint.

24.     Relax the Back denies the allegations in Paragraph 24 of the Complaint.

25.     Relax the Back denies the allegations in Paragraph 25 of the Complaint.

26.     Relax the Back denies the allegations in Paragraph 26 of the Complaint.

27.     Relax the Back denies the allegations in Paragraph 27 of the Complaint.

28.     Relax the Back denies the allegations in Paragraph 28 of the Complaint.

29.     Relax the Back denies the allegations in Paragraph 29 of the Complaint.

30.     Relax the Back denies the allegations in Paragraph 30 of the Complaint.

31.     Relax the Back denies the allegations in Paragraph 31 of the Complaint.

32.     Relax the Back denies it has committed and/or is committing any acts of infringement and, on that basis, denies the allegations in Paragraph 32 of the Complaint.

33.     Relax the Back denies it has committed and/or is committing any acts of infringement and, on that basis, denies the allegations in Paragraph 33 of the Complaint.

34.     Relax the Back is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, on that basis, denies all such allegations.

### [PLAINTIFF'S] PRAYER FOR RELIEF

Relax the Back denies the Plaintiff is entitled to any relief from Relax the Back and denies all the allegations contained in Paragraphs (a)–(e) of Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

Relax the Back's Affirmative Defenses are listed below. Relax the Back reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

Relax the Back has not infringed and does not infringe, either literally or under the doctrine of equivalents, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '285 Patent (the "Asserted Patent").

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Relax the Back's actions allegedly infringe the Asserted Patent,

Relax the Back is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Relax the Back is found to indirectly infringe, either by contributory infringement or inducement of infringement, Relax the Back is not liable to Plaintiff for the acts alleged to have been performed before Relax the Back knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patent are not entitled to a scope sufficient to encompass any product of, system employed by, or process or method practiced by Relax the Back.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Relax the Back makes, uses, or sells any product or service embodying each claimed element of any asserted claim, or that Relax the Back directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Relax the Back.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patent does not claim patentable subject matter under 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Relax the Back includes: (1) "a server configured to receive a request for an address of at least one location not already stored in the positional information device, to determine the address of the least one location and to transmit the determined address to the positional information device" as required by Claim 13 of the '285 Patent;  (2) "a locational information module for determining location information of the positional information device" as required by Claim 13 of the '285 Patent; (3) "a communication module for receiving the determined address of the at least one location from the server" as required by Claim 13 of the '285 Patent; (4) "a processing module configured to receive the determined address from the communication module and determine route guidance based on the location of the positional information device and the determined address" as required by Claim 13 of the '285 Patent; or (5) "wherein the server receives a time and date associated with the requested at least one location and transmits the associated time and date with the determined address to the positional information device and the positional information device displays the determined address at the associated time and date" as required by Claim 13 of the '285 Patent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Asserted Patent and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Asserted Patent that would be broad enough to cover any activity of Relax the Back, either literally or by application of the doctrine of equivalents.

7

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and/or 287.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## THIRTEENTH AFFIRMATIVE DEFENSE

Should Relax the Back be found to infringe any valid, enforceable claim of the Asserted Patent, Plaintiff is precluded from recovering increased damages under 35 U.S.C. § 284 and such alleged infringement was not willful.

## RELAX THE BACK'S COUNTERCLAIMS

For its counterclaims against Plaintiff Geographic Location Innovations LLC ("GLI"), Counterclaim Plaintiff Relax the Back Corporation ("Relax the Back") alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff Relax the Back is a Delaware corporation organized and existing under the laws of the State of Delaware with its place of business located at 4600 E. Conant Street, Long Beach, California 90808.

2.      Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant GLI is a Texas limited liability company located at1 East Broward Boulevard Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION

3.      Relax the Back incorporates by reference Paragraphs 1–2 above.

4.       These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.       GLI has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.       Based solely on GLI's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7.       Relax the Back incorporates by reference Paragraphs 1–6 above.

8.       Based on GLI's filing of this action and at least Relax the Back's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Relax the Back infringes U.S. Patent No. 7,917,285 (the "'285 Patent" or the "Asserted Patent").

9.       Relax the Back does not infringe Claim 13 of the '285 Patent because, among other things, the accused product does not include: (1) "a server configured to receive a request for an address of at least one location not already stored in the positional information device, to determine the address of the least one location and to transmit the determined address to the positional information device" as required by Claim 13 of the '285 Patent;  (2) "a locational information module for determining location information of the positional information device" as required by Claim 13 of the '285 Patent; (3) "a communication module for receiving the determined address of the at least one location from the server" as required by Claim 13 of the '285 Patent; (4) "a processing module configured to receive the determined address from the communication module and determine route guidance based on the location of the positional information device and the determined address" as required by Claim 13 of the '285 Patent; or (5) "wherein the server receives

a time and date associated with the requested at least one location and transmits the associated time and date with the determined address to the positional information device and the positional information device displays the determined address at the associated time and date" as required by Claim 13 of the '285 Patent.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*, Relax the Back requests a declaration by the Court that Relax the Back has not infringed and does not infringe any claim of the Asserted Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11.     Relax the Back incorporates by reference Paragraphs 1–10 above.

12.     Based on GLI's filing of this action and at least Relax the Back's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patent.

13.     The asserted claims of the Asserted Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 7,451,044; U.S. Patent No. 6,975,940; U.S. Patent No. 6,970,786; and/or U.S. Patent App. No. 2001/0020213.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Relax the Back requests a declaration by the Court claims of the Asserted Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Relax the Back asks this Court to enter judgment in Relax the Back's favor and against GLI by granting the following relief:

a)    a declaration that the Asserted Patent is invalid;

b)    a declaration that Relax the Back does not infringe, under any theory, any valid claim of the Asserted Patent that may be enforceable;

c)    a declaration that the Asserted Patent is unenforceable;

d)    a declaration the GLI take nothing by its Complaint;

e)    judgment against GLI and in favor of Relax the Back;

f)    dismissal of the Complaint with prejudice;

g)    a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Relax the Back of its costs and attorneys' fees incurred in this action; and

h)    further relief as the Court may deem just and proper.

## JURY DEMAND

Relax the Back hereby demands trial by jury on all issues.

Dated: May 26, 2021                    Respectfully submitted,

                                       **FISH & RICHARDSON P.C.**

                                       By:  */s/ Neil J. McNabnay*
                                            Neil J. McNabnay
                                            Texas Bar No. 24002583
                                            mcnabnay@fr.com
                                            Ricardo J. Bonilla
                                            Texas Bar No. 24082704
                                            rbonilla@fr.com
                                            Rodeen Talebi
                                            Texas Bar No. 24103958
                                            talebi@fr.com
                                            Sarika N. Patel
                                            Texas Bar No. 24073520
                                            patel@fr.com
                                            1717 Main Street, Suite 5000
                                            Dallas, Texas 75201
                                            (214) 747-5070 – Telephone
                                            (214) 747-2091 – Facsimile

                                       **ATTORNEYS FOR DEFENDANT**
                                       **RELAX THE BACK, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 26, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Civil Rule 6.1.

                                       */s/ Neil J. McNabnay*
                                       Neil J. McNabnay